ORIGINAL

ECF

FILED
JUN 17 2003
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**The Cleveland Marble Mosaic Company**
4595 Hinckley Industrial Parkway
Cleveland, Ohio 44109-6099

Plaintiff,

v.

**The United States of America,**

Defendant.

CASE NO. ______________

JUDGE ______________

03-1503C

**COMPLAINT FOR MONEY DAMAGES AND DECLARATORY JUDGMENT**

Plaintiff The Cleveland Marble Mosaic Company ("Cleveland Marble") for its complaint against the United States of America ("US"), acting through its representative, the and the General Services Administration ("USGSA), alleges and states as follows:

## INTRODUCTION

1. This is an action by Cleveland Marble against the US and its lawful representative USGSA to recover money damages for breaches of a construction contract between Cleveland Marble and USGSA dated September 20, 1999, GSA Contract No. GS05P99GBC0043, as amended and/or supplemented (the "Contract"), fundamental and "cardinal" changes to the Contract, extra work, unreasonable delays, acceleration costs, interferences, misrepresentations, failure to make equitable adjustments to and illegal and inequitable administration of the Contract. Cleveland Marble also seeks declaratory judgment in its favor with respect to USGSA's anticipated set-offs and claims under the Contract, and Cleveland Marble's rights under the Contract.

2. All of Cleveland Marble' claims against USGSA arise from or relate to Cleveland Marble' work under the Contract as a terrazzo and stone contractor to USGSA on the public improvement construction project known generally as the United States Federal Courthouse Project in Cleveland, Ohio (the "Project"). The USGSA is the owner of the Project.

3. At all time relevant hereto the US's and USGSA's agents and representatives were acting within the scope of their employment and with the full lawful authority of USGSA.

4. Cleveland Marble seeks to recover the damages it incurred in connection with its work on the Project, which damages resulted from, among other things, delays to precedent work activities of USGSA and other trades, lost productivity, unforeseen and unanticipated conditions, changed conditions, extra work, schedule compaction and acceleration, and USGSA's wrongful interference, delay, disruption, hindrance and lack of cooperation and coordination on the Project, all of which increased the cost of Cleveland Marble' performance under the Contract, negatively impacted Cleveland Marble' fabrication and installation operations for the Project and other projects of Cleveland Marble, and which unreasonably caused Cleveland Marble to incur financing costs and lost profits.

## PARTIES

5. Cleveland Marble is an Ohio Corporation that maintains its principal place of business in Cleveland, Ohio. Cleveland Marble is engaged in the stone, marble and terrazzo business.

6. Upon information and belief, USGSA is a body politic that functions as a procurement arm and a representative of the United States, with full authority to enter into binding contracts on behalf of the United States.

## JURISDICTION AND VENUE

7. Cleveland Marble incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

8. Venue and subject matter jurisdiction is proper in the United States Court of Claims pursuant to the Federal Acquisition Regulations and Contract documents, and 41 U.S.C. § 601 *et seq.*, since US is a party, and the claims and causes of action of Cleveland Marble arise from or relate to its Contract with the USGSA, and the amount in controversy is $1,459,348.47, exclusive of interest.

9. On or about April 22, 2002, Cleveland Marble submitted a certified claim to the USGSA Contracting Officer for $1,459,348.47. Despite repeated requests for a final decision, the Contracting Officer has either failed or refused to issue a decision, or to state a date upon which a decision will be rendered. Therefore, the claim is deemed denied pursuant to 41 U.S.C. § 605(c)(5).

## FACTS

### The Contract

10. Cleveland Marble incorporates by reference all of the preceding paragraphs of this Complaint as though fully rewritten herein.

11. Cleveland Marble submitted a proposal to USGSA in response to USGSA's solicitation of prices to perform a defined scope of terrazzo and stone work for the Project pursuant to an identified Project schedule.

12. At the time of the bid solicitation, USGSA represented and expressly and/or impliedly warranted in the Contract documents that the Project construction plans and specifications were complete and accurate, that USGSA would furnish and maintain certain dimensions to accommodate

Cleveland Marble's work, and that USGSA would not delay or hinder the progress of Cleveland Marble' work.

13. Cleveland Marble' bid for the Project was reasonable and achievable assuming, among other things, the accuracy of USGSA's representations, including the representations in the Contract and during the bid solicitation, and that the work progressed in an orderly, coordinated sequence without delay, compression or acceleration of the Project schedule.

14. Cleveland Marble entered into a Contract with USGSA for the Project based on Cleveland Marble' revised proposal. Cleveland Marble' proposal was based on the published Project schedule and was subject to certain restrictions, conditions and reservations.

15. The Contract is too voluminous to attach to this pleading. The original Contract is in the custody or control of USGSA, or its agents, representatives or employees and USGSA has access to a complete copy of the executed Contract documents.

16. The scope of Cleveland Marble's work under the Contract included, *inter alia*, terrazzo and stone fabrication and installation, which work is more fully described in the Contract documents (the "Contract Work").

17. Cleveland Marble substantially completed all of the Contract Work for the Project in a good and workmanlike manner pursuant to the plans, specifications and other Contract documents, as amended and/or supplemented, or as otherwise directed by USGSA or its agents or representatives. Cleveland Marble has satisfied all conditions precedent to payment under the Contract.

18. Cleveland Marble substantially completed the Contract Work despite unforeseen differing site conditions, changed conditions, extra work, design changes, unreasonable acts of USGSA and its

agents, employees and representatives, and other conditions, which are more fully described below, that adversely impacted the Project's completion schedule and cost of Cleveland Marble's performance of Contract Work. Cleveland Marble also was unreasonably required, at USGSA's direction, to perform the work under an accelerated and compressed Project schedule.

19. Currently, USGSA owes Cleveland Marble an amount exceeding $1,459,348.47, plus interest, which represents the balance due Cleveland Marble for (i) the base Contract Work, and (ii) for Cleveland Marble's claims for change orders, construction changes, additional work, delay, hindrance, interference, disruption, lost productivity, lack of cooperation, schedule compaction and acceleration, unforeseen and unanticipated conditions, additional detailing and engineering work, extra field dimensioning work, additional fabrication facility expenses, storage and management costs, changed conditions, associated job impact damages, lost profits, and interest and finance expenses.

20. Despite repeated invoicing and demands for payment, USGSA has, without justification or excuse, failed and refused to pay Cleveland Marble the costs and damages that Cleveland Marble is entitled to receive under the Contract and controlling law.

21. Cleveland Marble provided timely and detailed notices of responses to change orders, time extensions and requests for information ("RFI"), claims and requests for equitable adjustments of the Contract time and price to USGSA in accordance with the terms and conditions of the Contract documents.

22. Despite timely and proper notice by Cleveland Marble, USGSA persistently failed and refused to timely respond, or at all, to the notices and claims of Cleveland Marble.

23. Despite their legal obligation to do so, USGSA and its contracting officer(s) still have not formally responded to the certified equitable adjustment request and claims for additional compensation that Cleveland Marble submitted to the USGSA on or about April 22, 2002.

**Project Schedule Delays, Impacts and Design Changes**

24. After the Contract was executed, USGSA unreasonably delayed or hindered the progress of Cleveland Marble's Contract Work. Delays and hindrances resulted from, among other things, changes to the Project design drawings and the failure of USGSA, and its employees, agents and representatives, to timely perform precedent work activities.

25. USGSA's repeated and substantial changes to the Project drawings and Contract requirements, delayed responses to RFIs, work change directives, failure to timely provide complete and accurate field dimensions, delays in turn-around of shop drawing, and other unreasonable acts and omissions on the part of USGSA, increased Cleveland Marble's cost of performance in a number of ways, including forcing Cleveland Marble to perform extra work, requiring Cleveland Marble to perform base Contract Work out of sequence, causing Cleveland Marble to incur acceleration damages including actual and constructive changes by additional crew costs and overtime charges, and extending Cleveland Marble' home office and field office overhead expenses.

26. USGSA, by and through its employees, agents and representatives, represented to Cleveland Marble that it would compensate Cleveland Marble for the additional construction-related direct and indirect costs arising from or relating to Project delays, schedule impacts, design changes and extra work that were not the fault of Cleveland Marble, and which were beyond Cleveland Marble's reasonable contemplation when Cleveland Marble bid the Project and executed the Contract.

27. Cleveland Marble detrimentally relied on USGSA's representations and assurances by, *inter alia*, continuing performance at increased cost and performing additional work. USGSA and its employees, agents and representatives, despite Cleveland Marble's numerous entreaties, thereafter displayed an uncooperative, unresponsive and unreasonable lack of concern towards Cleveland Marble and its claims for additional compensation.

28. Despite Cleveland Marble' reliance on the representations, and Cleveland Marble' repeated requests and demands that USGSA comply with the terms and conditions of the Contract, USGSA, among other things: (i) failed to honor its express and implied obligations to cooperate and meet with Cleveland Marble; (ii) failed to act in good faith; (iii) refused to render timely decisions on Cleveland Marbles claims and requests for an equitable adjustment of the Contract; (iv) failed to provide public records relating to the Project and Cleveland Marble's claims and equitable adjustment requests; (v) failed coordinate the Project schedule as it related to Cleveland Marble's Contract Work; and (vi) failed to permit Cleveland Marble to mitigate damages and control costs and damages.

29. USGSA is liable to Cleveland Marble for all of the additional costs and damages that Cleveland Marble incurred as a result of the design changes, delays, extra work, design changes, USGSA's uncooperative conduct and other acts and omissions, and the Project schedule impacts. USGSA is estopped from denying liability for Cleveland Marble' costs and damages.

**Impact of Schedule and Design Changes and Extra Work on Cleveland Marble' Planned Construction Schedule and Sequence, Productivity and Job Costs**

30. Cleveland Marble submitted its bid on the Project, based upon its reasonable assumption and USGSA's representations that Cleveland Marble could perform the Contract Work in a logical,

uninterrupted construction sequence using reasonable and customary construction means, methods, processes and materials to minimize the cost of the Contract Work as provided in the Contract documents.

31. Cleveland Marble also contemplated completing the Contract Work on the Project well within the original Contract schedule.

32. Cleveland Marble's planned means and methods and sequences were reasonable and customary and consistent with the intended requirements of the Contract documents, the original Contract schedule, and USGSA's representations.

33. After the Contract award to Cleveland Marble, USGSA unreasonably, unjustifiably, and/or constructively changed Contract requirements relating to schedule and sequence of the work, and USGSA imposed on Cleveland Marble an illogical and costly schedule and sequence for the Contract Work, requiring Cleveland Marble to perform the Contract Work in an illogical construction sequence while, at the same time, compressing and accelerating the Project schedule.

34. USGSA and its employees, agents and representatives failed to coordinate the schedule and work of the various contractors on the Project, and USGSA actively interfered with and prevented Cleveland Marble from following its as-planned schedule and sequence and, thereby, deprived Cleveland Marble of the ability to perform the Contract Work in an orderly, cost-effective, and uninterrupted sequence.

35. USGSA contradicted the terms and conditions of the Contract, reneged on Contract obligations, acted in bad faith, and ignored the best interests of the Project, all of which increased Cleveland Marble's cost of performance and prevented mitigation of damages.

36. As a result of USGSA's actions, Cleveland Marble incurred damages for additional crews, labor, equipment, tools, supervision, and overtime to perform in accordance with the mandates and directives of USGSA and its employees, agents and representatives.

37. Cleveland Marble's Contract Work was delayed, hindered, interfered with, and disrupted, thus resulting in, among other things, a loss of productivity, increased crew costs, additional storage and management expenses, and associated increased labor, material, equipment, home office overhead, field office overhead, supervision and Contract administration damages to Cleveland Marble.

38. Cleveland Marble provided USGSA with timely written notice of these problems and resulting additional costs associated with changing the requirements of the Contract documents and the alteration of means, methods, schedules and sequences proposed and/or contemplated by Cleveland Marble.

39. USGSA had actual and constructive notice of the impact of the changes, delays, and hindrances on Cleveland Marble's planned construction sequence and Project schedule. Regardless, USGSA (i) refused to respond to requests for extensions of time, (ii) failed to permit Cleveland Marble to mitigate damages and control installation costs, and (iii) failed to honor the obligations under the Contract to process and timely resolve claims and requests for additional compensation and time. Indeed, the USGSA virtually ignored Cleveland Marble's requests and claims.

40. Despite repeated requests by Cleveland Marble, USGSA unreasonably and without justification refused to provide adequate written extensions of time to Cleveland Marble for design changes, extra work, delays to the Contract schedule, and other factors beyond the control and

contemplation of Cleveland Marble that disrupted, delayed, or interfered with the progress and sequence of the Contract Work.

41. By virtue of their having declined to extend the Project schedule to allow sufficient time for suspensions, delays, and productivity lost as a result of the changes, schedule slippage, and extra work, USGSA and its agents, employees and representatives compressed the Project schedule and expressly and/or constructively accelerated Cleveland Marble, thereby forcing Cleveland Marble to incur additional construction cost damages.

42. Despite Cleveland Marble's repeated requests its agents, employees, and representatives, unreasonably and without justification failed or refused to follow the Contract requirements relative to the administration and resolution of claims, rendering the Contract disputes and claims resolution provisions ineffective , and refused or failed to timely respond to Cleveland Marble's claim for an equitable monetary adjustment to the Contract price.

**Effect of Schedule Impacts, Project Acceleration and Extra Work**

43. Cleveland Marble's bid and Contract price did not contemplate and therefore, did not include, the cost of the above-referenced delays, disruptions, and acceleration, or their resulting costs.

44. USGSA directed Cleveland Marble, nonetheless, to continue performance without compensating Cleveland Marble for the resulting cost impacts. As a result, USGSA has forced Cleveland Marble to finance additional costs that were not its fault, and for which Cleveland Marble is entitled to receive additional compensation.

45. USGSA also wrongfully required Cleveland Marble to perform the Contract Work over an extended performance period beyond that called for under the Contract documents of the original Schedule, although none of the delays were the fault or responsibility of Cleveland Marble.

46. The schedule delays forced Cleveland Marble to work on the Project for an unreasonably extended period of time. These USGSA-caused Project delays, its uncooperative attitude, and bad faith, interfered with Cleveland Marble's (i) ability to procure work on other projects, and (ii) unreasonably tied up space in Cleveland Marble's storage facility, causing Cleveland Marble to incur additional storage costs, additional material handling costs and lost profits.

47. In addition to providing USGSA with timely notice of these problems, Cleveland Marble also tendered damage mitigation plans, forecasts of damages, and requests for extensions of the Project schedule.

48. USGSA's failures and/or refusals to respond timely to Cleveland Marble's claims, about which they had actual and constructive notice, unreasonably and wrongfully forced Cleveland Marble to accelerate the Project schedule.

49. Despite the timely requests by Cleveland Marble, USGSA unreasonably and without justification , failed or refused to provide formal, written change orders to Cleveland Marble to perform extra work and/or to address the schedule impacts and compensate Cleveland Marble accordingly.

50. By virtue of its having declined to extend the Project schedule to compensate for time lost and extra work associated with changed conditions, changed designs, and delays and impacts beyond the control of Cleveland Marble, USGSA compressed the project schedule and/or accelerated

Cleveland Marble, thus forcing Cleveland Marble to incur significant damages for increased labor, labor, equipment, and additional material costs.

51. Cleveland Marble is entitled to an equitable adjustment of its Contract price to adequately compensate Cleveland Marble for the extra work involved and all associated schedule impact damages.

52. Despite repeated requests by Cleveland Marble, USGSA unreasonably and without justification refused to provide Cleveland Marble with adequate additional compensation, and Cleveland Marble has been forced to finance the cost of the delays, extra work, and schedule impacts.

**Other Miscellaneous Problems and Extra Work**

53. USGSA has failed and refused to compensate Cleveland Marble for any of the extra work, costs, and damages described in the preceding paragraphs.

54. Throughout the course of Cleveland Marble' performance, USGSA and its agents, employees, and representatives also failed to timely respond to requests for information and failed to timely process applications for payment, change order requests, and claims in violation of the Contract.

55. USGSA, by and through its agents, employees and representatives, actively interfered with and directed Cleveland Marble' means and methods and sequences of performance, and USGSA unreasonably interfered with the progress of the Contract Work.

56. USGSA also provided Cleveland Marble with conflicting information and directives with respect to the Contract Work and the Project schedule.

57. By virtue of the foregoing, USGSA disrupted Cleveland Marble' schedule; forced Cleveland Marble to re-sequence Contract Work; caused Cleveland Marble to suffer a loss of productivity; and forced Cleveland Marble to incur significant damages in terms of increased Contract completion costs.

## COUNT I
## Breach of Contract and Additional Cost Claims

58. Cleveland Marble incorporates by reference all of the preceding paragraphs of this Complaint as though fully rewritten herein.

59. The acts and/or omissions of USGSA and its agents, representatives and employees in failing to adequately maintain and coordinate the Project schedule, and in failing to provide equitable adjustments to the Contract, constitute substantial and material breaches of the Contract.

60. The actions of USGSA and its agents, employees, and representatives in constructively accelerating Cleveland Marble and/or compressing Cleveland Marble's schedule, and delaying completion of the Contract Work, also constitutes a breach of the Contract.

61. USGSA's refusal to compensate Cleveland Marble for the impact and additional construction cost damages also constitutes a substantial and material breach of the Contract.

62. USGSA's failure to timely pay Cleveland Marble for the Contract Work, extra work, and schedule-related impact damages also constitutes a substantial and material breach of the Contract.

63. USGSA's active interference with Cleveland Marble's means and methods of performance, and as-planned construction sequence, also constitutes a breach of the Contract.

64. The following acts and omissions on the part of USGSA and its agents, employees, and representatives, also constitute a breach of the Contract include but are not limited to:

a. Failure to make fair and reasonable interpretations of the plans and specifications;

b. Failure to timely approve submittals;

c. Failure to provide timely decisions;

d. Failure to timely approve and pay for change order work;

e. Failure to timely process and/or approve requests for extension of time;

f. Failure to properly administer the Contract and schedule and coordinate the Project, including the work of other trades and prime contractors;

g. Failing to process Cleveland Marble' claims and meet with Cleveland Marble regarding the claims and schedules;

h. Failing to compensate Cleveland Marble for changed schedules and sequences;

i. Actively hindering and disrupting Cleveland Marble, and interfering with, delaying and disrupting the progress of the Contract Work thereby causing Cleveland Marble to lose productivity and incur substantial additional costs; and

j. Other acts of bad faith and misrepresentations or concealment of material facts.

65. By virtue of the foregoing, USGSA breached the duties that USGSA owed to Cleveland Marble under the terms of the Contract and at law, including without limitation the covenant of good faith and fair dealing.

66. The actions of USGSA and its agents, employees and representatives in administering the Contract, refusing to enforce schedules, failing to provide equitable adjustments, compressing and/or accelerating the Project schedule, and refusing to equitably adjust the Contract balance constitute willful, wanton and oppressive actions in its dealing with Cleveland Marble.

67. As a direct result of the breaches described in the preceding paragraphs, Cleveland Marble has incurred damages in the form of, among other things, increased Project completion costs, increased labor costs, increased material costs, increased subcontract costs, lost profits, increased home office and field office overhead, lost productivity, interest expenses, and associated job impact and schedule damages.

68. Cleveland Marble has substantially performed its obligations under the Contract, including all conditions precedent to payment.

69. In addition, Cleveland Marble took all reasonable action to mitigate its damages during the course of performing the Contract Work and associated extra work.

70. Given USGSA's bad faith, misrepresentations, and failure to follow the Contract, the dispute resolution procedures in the Contract fail of their essential purpose.

71. As a direct result of the breaches of Contract described in the preceding paragraphs, Cleveland Marble is entitled to recover from USGSA under the Contract an amount exceeding $1,459,348.47, plus interest, and attorney's fees under the Equal Access to Justice Act ("EAJA") 5 U.S.C. § 504, *et seq*. (1999).

**COUNT II**
**Estoppel**

72. Cleveland Marble incorporates by reference all of the preceding paragraphs of this Complaint as though fully rewritten herein.

73. USGSA represented to Cleveland Marble that it would be compensated for the impacts, but USGSA reneged on these prior representations.

74. Since Cleveland Marble reasonably and detrimentally relied on the representations and continued performance, USGSA is legally and equitably estopped to deny liability for payment of Cleveland Marble' reliance damages.

75. As a direct result of the breaches of Contract described in the preceding paragraphs, Cleveland Marble is entitled to recover from USGSA under the Contract an amount exceeding $1,459,348.47, plus interest and attorney's fees under the EAJA.

**COUNT III**
**Cardinal Change and Total Cost Contract Breach of Contract Claim**

76. Cleveland Marble incorporates by reference all of the preceding paragraphs of this Complaint as though fully rewritten herein.

77. The impact the unanticipated extra work and unreasonable requirements imposed on Cleveland Marble relating to the means and methods and sequences of performing the work, and the resulting impact of the changes on Cleveland Marble' planned construction sequence and Project schedule, also constitute fundamental and "cardinal" changes to the Contract, thus entitling Cleveland Marble to recover its total job costs.

78. The unanticipated and unforeseen conditions and unreasonable requirements imposed on Cleveland Marble by USGSA in connection with the performance of work on the Project also constitute fundamental and "cardinal" changes to the Contract, which entitle Cleveland Marble to recover from USGSA its total cost of performance, plus reasonable overhead, profit and attorneys' fees.

79. As a direct result of the fundamental and "cardinal" changes to the Contract and substantial breaches of Contract described above, Cleveland Marble is entitled to recover from

USGSA the total cost of the work, plus reasonable profit and overhead, in an amount exceeding $1,459,348.47, to be proven at trial, plus interest and attorneys' fees under the EAJA.

## COUNT IV
**Declaratory Judgment Claim**

80. Cleveland Marble incorporates by reference all of the preceding paragraphs of this Complaint as though fully rewritten herein.

81. Cleveland Marble contends that it is not liable for any liquidated damages or for any other costs USGSA allegedly incurred as a result of Cleveland Marble' performance of Contract Work on the Project, including any completion cost damages that USGSA incurred to complete the work.

82. Cleveland Marble also maintains that it was improper for USGSA to change Cleveland Marble' as-planned sequence, schedule, and means and methods of performing the Contract Work or the Contract bid requirements.

83. Cleveland Marble also maintains that it will be improper for USGSA to set-off any sums against the Contract balance or Cleveland Marble' claims for additional compensation.

84. There exists between Cleveland Marble and USGSA a genuine controversy regarding USGSA's alleged damages or set-offs, if any, and Cleveland Marble' entitlement under the Contract.

85. Pursuant to Rule 57 of the Rules of the United States Court of Federal Claims, Cleveland Marble is entitled to a declaration from this Court that: (i) Cleveland Marble is not liable for any liquidated or set-off damages under the Contract; (ii) USGSA is not entitled to any set-offs against Cleveland Marble' additional compensation claims; and (iii) Cleveland Marble is entitled to recover its damages as alleged in Counts I, II, and III above.

WHEREFORE, with respect to Counts I, II, and III, plaintiff Cleveland Marble demands and prays for money judgment against USGSA, in an amount exceeding $1,459,348.47 to be proven at trial. On these Counts, Cleveland Marble also requests and award of costs, expenses, prejudgment interest, consultant costs and attorney's fees pursuant to the EAJA. With respect to Count IV, Cleveland Marble requests declaratory judgment in its favor denying USGSA's anticipated claims for liquidated damages, credits or set-offs, and declaring that Cleveland Marble is entitled to be compensated for, and that the GSA is obligated to pay Cleveland Marble, the damages alleged in the preceding counts. Finally, Cleveland Marble further prays for such other legal and equitable relief against USGSA as the Court deems just and proper.

Respectfully submitted,

Daniel E. Toomey (detoomey@venable.com)
Venable, Baetjer and Howard, LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
(703) 760- 1600
(703) 821-8949 (fax)

Of Counsel
Andrew J. Natale (anatale@frantzward.com)
Mark L. Rodio (mrodio@frantzward.com)
Ian H. Frank (ifrank@frantzward.com)
**FRANTZ WARD LLP**
55 Public Square, 19th Floor
Cleveland, Ohio 44113-1999
(216) 515-1660
Fax (216) 515-1650

**Attorneys for Plaintiff**
**The Cleveland Marble Mosaic Company**

Dated: June 13, 2003